# UNITED STATES
*v.*
## JUSTIN DIAZ AND NICOLAS CUMBRA.

MOTION TO SET ASIDE VERDICT—JURISDICTION.

1. A war ship is a detached portion of the sovereignty to which it belongs. Although not under control of the sovereignty of a foreign port, it cannot harbor criminals.

2. There can be no entry of a foreign war ship by the local power for the purpose of arresting a criminal thereon, without the permission of its commander; yet it is his duty to surrender to the local authority persons charged with ordinary offenses. If he refuses, diplomatic appeal to his government is the remedy. This rule does not apply to foreign merchant vessels. Within the three-mile zone the sovereignty of the shore may by due process arrest one thereon charged with crime.

3. When once the person is turned over by the commander of the war ship to the shore authorities, their laws regulate in what tribunal the case will be tried. The United States court has jurisdiction over the harbors of Porto Rico.

April 27, 1903.

*Mr. N. B. K. Pettingill,* District Attorney, for the plaintiff.

*Mr. V. Robbins* for defendants.

HOLT, Judge, delivered the following opinion:

The defendants, Justin Diaz and Nicolas Cumbra, were charged, by an information, with larceny upon a vessel in the

United States v. Diaz.

harbor of San Juan. The United States statute provides that when one commits this offense upon the high seas, or in any place under the exclusive jurisdiction of the United States, he shall be punished by a fine of not over $1,000, or by imprisonment for not over one year, or by both. The defendants, upon trial before a jury, have been found guilty.

This is a motion to set aside the verdict, and dismiss the case. Three grounds are presented. The first is that an indictment was necessary. The offense, under the statute, is, however, but a misdemeanor. The second is that the offense was not shown to have been committed. There was sufficient evidence, however, to submit this question to the jury.

The third ground is that this court had no jurisdiction, inasmuch as the offense was committed upon a German war ship, the "Panther." The last ground presents the only real question raised by the motion. There can be no question but what this court has jurisdiction of offenses committed in the harbor of San Juan; but it is urged that, having been committed upon a foreign war ship, this court cannot take jurisdiction.

A public vessel, like a war ship, by legal fiction is a detached and floating portion of the state to which it belongs. Although it, therefore, has immunity from control by the local sovereignty, it cannot harbor criminals. While for obvious reasons there can be no invasion of a war ship by the sovereign power of the shore to make an arrest if objected to, yet it is the duty of the commander of a foreign vessel to surrender to the territorial authority all persons charged with ordinary crimes. If he refuses to do so, resort must, of course, be had through the proper channel by diplomatic appeal to his government. This rule of immunity as to a public vessel of another government does not apply, however, to a foreign merchant vessel. Within the three-mile zone, the sovereignty of the shore may

by due process arrest thereon a person charged with crime.   The
rule is that crimes are territorial as to the place where commit-
ted, and triable in the courts of that country.   It may require
that nothing be done by friendly foreign ships to interfere with
the peace, and due administration of the law of the shore.   The
defendants did not belong to the vessel, and they were turned
over by its commander to the American authorities of the shore.
This having been done, that authority and its law regulates in
what tribunal the case is triable.

For the reasons indicated the motion is overruled.